# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1331 F Street, N.W., Suite 900 Washington, D.C. 20004<br><br>         Plaintiff,<br><br>    v.<br><br>**U.S. DEPARTMENT OF JUSTICE,** 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the Executive Office for United States Attorneys ("EOUSA"), a component of the U.S. Department of Justice ("DOJ") to respond to an expedited request for final trial exhibits prepared by the United States Attorney's Office for the District of Columbia ("USAO-DC") for use at trial in the case of *United States v. Couy Griffin*, 21-cr-92-TNM (D.D.C.).

2.   This case seeks declaratory relief that DOJ is in violation of the FOIA, specifically, 5 U.S.C. §§ 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(E)(i), and DOJ's regulations, 28 C.F.R. § 16.5(e)for failing to grant CREW's expedited request for records and for failing to provide CREW all responsive records and for injunctive relief ordering defendant DOJ to process and release to CREW immediately the requested records in their entirety.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA. Additionally, CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions.

5. Defendant DOJ and its component EOUSA are an agency within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). DOJ has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Statutory and Regulatory Background**

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as in "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(i). The FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* at § 552(a)(6)(E)(v)(II).

9. DOJ's FOIA regulations provide for expedition for, among other things, "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). Requesters seeking expedition under this subsection must submit their expedition request to DOJ's Director of Public Affairs. 28 C.F.R. § 16.5(e)(2). DOJ regulations further provide that "[t]he existence of numerous articles published on a given subject can be helpful to establishing the requirement that there be an 'urgency to inform' the public on the topic." 28 C.F.R. § 16.5(e)(3).

10. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DOJ regulations mirror this requirement. 28 C.F.R. § 16.5(e)(4).

11. An agency's failure to respond within 10 calendar days to a request for expedition is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(E)(iii).

12. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

**Factual Background**

13. On January 6, 2021, a violent mob of Trump supporters stormed the U.S. Capitol building to prevent Congress from fulfilling its constitutionally mandated counting of electoral votes and certification of the 2020 presidential election.

14. The attack led to several deaths, numerous injuries, defacement of government property, and removal of sensitive government records. It was the most significant breach of the Capitol building since the War of 1812.

15. Among the hundreds of individuals arrested for their role in the attack was Otero County, New Mexico Commissioner Couy Griffin, who was charged with violating 18 U.S.C. § 1752(a)(1) by knowingly entering and remaining in a restricted building or grounds without lawful authority. See *United States v. Couy Griffin*, 21-cr-92-TNM (D.D.C.), Criminal Complaint (Dkt. No. 1). Mr. Griffin, a founder of the organization "Cowboys for Trump," was recorded in front of the Capitol steps and well within the restricted area. *Id.*, Statement of Facts (Dkt. No. 1-1). A video also shows him addressing the crowd with a bullhorn from that same restricted location. *Id.*

16. Mr. Griffin was arrested when he returned to Washington, D.C. on January 17, 2021. Reportedly he told his colleagues on the county commission that he was returning for the

inauguration "with his revolver and rifle." Holmes Lybrand and Katelyn Polantz, 'Cowboys for Trump' founder appears in January-6 related trial, *CNN*, March 21, 2022, https://www.cnn.com/2022/03/21/politics/couy-griffin-trial-january-6/index.html; *United States v. Couy Griffin*, Statement of Facts. When interviewed by special agents from the FBI Mr. Griffin stated that while he hoped "a change in leadership can be accomplished 'without a single shot being fired,' . . . there was 'no option that's off the table for the sake of freedom.'" *Id.*

17. Mr. Griffin's criminal trial commenced on March 21, 2022, during which the government sought to introduce into evidence nearly 80 video files it had obtained on or about March 16, 2022, from Matthew Struck, a government witness who assisted in recording Mr. Griffin on January 6 for Cowboys for Trump. Lybrand & Polantz, *CNN*, Mar. 21, 2022. Counsel for Mr. Griffin objected to the government's attempt to introduce the video files, citing the government's belated disclosure of the material on March 17, 2022, as prejudicial to the defendant's ability to prepare an adequate defense. *United States v. Couy Griffin*, Motion for Discovery Sanctions Under Rule 16 and Local Criminal Rule 5.1, Mar. 20, 2022 (Dkt. No. 95).

18. United States District Judge Trevor N. McFadden, who was presiding over Mr. Griffin's criminal trial, ultimately precluded the government from introducing the majority of the video files with the exception of a few videos that were responsive to a January 2021subpoena to Mr. Struck. *United States v. Couy Griffin*, Transcript of Bench Trial Before the Honorable Trevor N. McFadden, United States District Judge, Mar. 21, 2022, pp. 76-78 (Dkt. No. 105).

19. Ultimately, Mr. Griffin was found guilty of trespassing and not guilty of disorderly conduct. Spencer S. Hsu, Cowboys for Trump founder Couy Griffin guilty in first Jan. 6 misdemeanor trial, *Washington Post*, March 22, 2022, https://www.washingtonpost.com/dc-md-va/2022/03/22/couy-griffin-guilty-verdict-trespassing/.

*The FOIA Request At Issue*

20. By letter dated March 23, 2022, and submitted through the online portal on that date, CREW made a FOIA request to EOUSA seeking two categories of records pertaining to the prosecution of Couy Griffin by the USAO-DC. Specifically, CREW requested:

1. All final trial exhibits prepared by the United States Attorney's Office for the District of Columbia ("USAO-DC") for use at trial in the case of *United States v. Couy Griffin*, 21-cr-92-TNM (D.D.C.), including both the exhibits ultimately admitted in evidence and those excluded by the Court. This request includes the approximately 80 video files obtained by the USAO-DC from its witness Matthew Struck that were excluded at trial.

2. The USAO-DC's final exhibit list prepared for the trial in *United States v. Couy Griffin*, 21-cr-92-TNM (D.D.C.).

21. CREW sought a waiver of fees associated with processing its request. In support of its request for a fee waiver CREW explained that given the extraordinary nature of the events of January 6th, Mr. Griffin's participation in those events, and the fact that Mr. Griffin continues to hold public office as an elected official in New Mexico, there is an urgent and compelling public interest in disclosure of the requested records, particularly the video files that the government sought to introduce into evidence but that the Court excluded.

22. CREW further explained that it is a non-profit organization committed to protecting the public's right to be aware of the activities of government officials, to ensuring the integrity of those officials, and to highlighting and working to reduce the influence of money in

politics. CREW noted its intent to analyze the information response to its request and share its analysis with the public, and that the release of the information is in not in CREW's financial interest.

23. CREW further requested that it not be charged search or review fees because it qualifies as a member of the news media. CREW explained the ways that it routinely and systematically disseminates information to the public.

24. CREW also sought expedition of its request from DOJ's Office of Public Affairs because the subject of the request is a matter of widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence. As CREW explained and documented with cites to numerous news articles, the January 6th attack has been the focus of intense scrutiny and media interest. CREW further explained that the government's prosecutions of the January 6th defendants, including County Commissioner Couy Griffin, also have garnered extensive media coverage. As further evidence of the intense public interest CREW pointed to the public Capitol Breach Investigation Resource Page and public database of Capitol Breach cases that the USAO-DC has established.

25. In support of its request for expedition CREW explained the particularly urgent need to inform the public about the prosecution of Couy Griffin, who remains in public office in New Mexico despite having participated in what is widely regarded as an insurrection against the United States Government. There is a particularly urgent and compelling interest in the requested records, which were excluded from the public evidentiary record based on the government's purported belated disclosure of those records to the defense. As a result, the requested records relate to an actual or alleged federal government activity and raise possible questions about the government's integrity.

26. CREW also sought expedition because it is primarily engaged in disseminating information to the public.

27. Upon submitting its expedited FOIA request CREW received an acknowledgment from the FOIA portal on March 23, 2022. The acknowledgment noted that CREW had requested expedition and cited the written request as providing the justification for expedition.

28. CREW also received a second acknowledgment of receipt from EOUSA by email dated March 23, 2022.

29. To date, plaintiff CREW has received no further response to its request from DOJ.

22. Under 5 U.S.C. § 552(a)(6)(C)(i), CREW has now effectively exhausted all applicable administrative remedies with respect to its request of DOJ.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records)

23. Plaintiff repeats and re-alleges paragraphs 1-22.

24. Plaintiff properly asked for records within the custody and control of the U.S. Department of Justice.

25. Defendant DOJ wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on both expedited and non-expedited FOIA requests, and by withholding from disclosure records responsive to plaintiff's request of EOUSA.

26. Plaintiff CREW is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its March 23, 2022 FOIA request.

## CLAIM TWO
### (Failure to Grant Expedition)

27. Plaintiff repeats and re-alleges paragraphs 1-26.

28. Plaintiff properly asked that DOJ expedite the processing of Plaintiff's FOIA request, which seeks agency records within the custody and control of DOJ, based on its showing of widespread and exceptional media interest in the requested information, which involves possible questions of the government's integrity that affect public confidence.

29. Defendant DOJ failed to comply with the statutory time limit for making a determination on Plaintiff's request for expedition and improperly failed to process Plaintiff's request on an expedited basis.

30. Plaintiff has exhausted all applicable administrative remedies with respect to Defendant DOJ's failure to make a determination on Plaintiff's request for expedition.

31. Plaintiff therefore is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested records.

## **Requested Relief**

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendant to immediately and fully process plaintiff's March 23, 2022 expedited FOIA request to the U.S. Department of Justice and to disclose all non-exempt documents immediately and at no cost to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate and expedited processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5)     Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6)     Grant such other relief as the Court may deem just and proper.

                                                  Respectfully submitted,

                                                  */s/ Anne L. Weismann*
                                                  Anne L. Weismann
                                                  (D.C. Bar No. 298190)
                                                  5335 Wisconsin Avenue, N.W., Suite 640
                                                  Washington, D.C. 20015
                                                  Phone: 301-717-6610
                                                  Weismann.anne@gmail.com

                                                  Adam J. Rappaport
                                                  (D.C. Bar No. 479866)
                                                  Citizens for Responsibility and
                                                     Ethics in Washington
                                                  1331 F Street, N.W., Suite 900
                                                  Washington, D.C. 20004
                                                  Phone: (202) 408-5565
                                                  Facsimile: (202) 588-5020

Dated: April 25, 2022                *Attorneys for Plaintiff*